# IN RE DECKER.

——————/

## CONTEMPT.

1. To punish for contempt is the exercise of a high judicial power inherent in a court, to the proper transaction of its business.
2. A witness cannot be compelled to give testimony which will, or is likely to, incriminate him.
3. A witness will not be compelled in any investigation to give evidence ~tending to show that he has committed a crime.
4. A witness is not deprived of this right because there is a statute providing that his testimony shall not be used against him.

December 31, 1902.

————

*Mr. N. B. K. Pettingill,* United States Attorney.

*Mr. J. M. Keedy,* attorney for respondent.

HOLT, Judge, delivered the following opinion:

This is a proceeding for contempt against the respondent as a witness, for refusing to answer, a certain question in a trial

---

*Witnesses—privilege of.* As to privilege of witness as to criminating questions, see editorial note to *Re* Buskett, 14 L. R. A. 407; as to his constitutional protection against furnishing evidence to be used against him in a civil case, see editorial note to Levy v. Superior Court, 29 L. R. A. 811; as to the right to compel a witness to testify where he is protected by a statute exempting him from prosecution, see editorial notes to *Re* Buskett, 14 L. R. A. 407; United States v. James, 26 L. R. A. 418; Interstate Commerce Commission v. Baird, 48 L. ed. U. S. 860.

*inter alios* before the United States commissioner. The ground of the refusal is .that the answer might incriminate him. The court has considered the response, which merely presents the ground above stated. To punish for contempt is the exercise of a high judicial power; but it is inherent in a court, since it is necessary to the proper transaction of its business, and to its very existence. The power to punish for a failure to testify is also given in the original judiciary act of 1789.

It is a maxim of law, however, that no man is bound to criminate or accuse himself. *Nemo tenetur seipsum accusare.* It was held in United States v. Burr, Fed. Cas. No. 14,692e, by Chief Justice Marshall, that if an answer is likely, under all the circumstances, to incriminate the witness, he should not be required to answer, and the court is to judge of this; but, if it is likely to do so, or may, then the witness becomes the judge if it will do so, and may refuse to answer.

It must appear that there is reasonable ground, under all the circumstances, and from the nature of the question, to believe that the answer may incriminate the witness. If there be reasonable ground to apprehend danger to the witness, then the court should not require him to answer; but a remote possibility is not sufficient. He is not to be protected from all possible detriment. This would impede justice, and often be used as a pretext to protect the guilty. To entitle him to the privilege of silence it should appear to the court, from the circumstances of the case and the nature of the evidence required, that there is reasonable ground to apprehend danger to the witness if he be compelled to answer. The two extremes are to be avoided: (1) Allowing a witness, by his privilege, to refuse to answer questions which from their nature and all the circumstances cannot well incriminate him; and (2) requiring him to do so when the answer from the very nature of the question would,

Re Decker.

or is likely to, incriminate him. In the latter case he is the judge of whether he will answer or not. The Congress of the United States by § 860 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 661) has provided that no evidence required of a witness in a judicial proceeding shall be used against him in any criminal proceeding, or for the enforcement of any penalty or forfeiture. The legislative purpose was to afford him protection against compulsory self-accusation. When the reason for exempting him from testifying should no longer exist, the rule would cease. *Cessat ratio, cessat lex.*

The provision found in Amendment 5 of the Constitution of the United States is, however, in force in Porto Rico, because it is a principle of natural justice woven into the web and woof of our form of government. It is, "Nor shall [any person] be compelled in any criminal case to be a witness against himself."

A liberal construction is to be given this provision, as its purpose is the protection of personal liberty. The Supreme Court of the United States has declared that the statute, *supra,* does not reach as far as this constitutional provision, and that its effect cannot, of course, be abridged by a statute. That its purpose is to prohibit the compelling of testimony of a self-criminating character from a witness; and that it means not merely that one shall not be compelled to be a witness against himself in a prosecution against himself, but that he shall not be compelled in any investigation to give evidence tending to show that he has committed a crime. That he is protected from being compelled to disclose the circumstances of his offense, or the sources from which, or the means by which, evidence of its commission or of his connection with it may be obtained or made effectual for his conviction; and that he is not deprived of his privilege of silence because there is a statute merely pro-

Re Decker.

viding that his testimony shall not be used against him. Counselman v. Hitchcock, 142 U. S. 547, 35 L. ed. 1110, 3 Inters. Com. Rep. 816, 12 Sup. Ct. Rep. 195; Brown v. Walker, 161 U. S. 591, 40 L. ed. 819, 5 Inters. Com. Rep. 369, 16 Sup. Ct. Rep. 644.

The witness is, therefore, not to be compelled to testify, owing to this statute; but the court fails to see, from the circumstances and the nature of the question, that there is reasonable ground to apprehend danger to him from his being compelled to answer it. An affirmative answer would not show guilt upon his part. That he was merely in charge, as a soldier, of the loading of the wagon containing alleged smuggled articles would, in the absence of knowledge of their character, place him in no danger.

The witness should answer the question that was propounded to him. It is ruled that he must do so; and he thereupon expressing in open court a willingness to do so, opportunity will be afforded him before further order.